No. 692

CLEVELAND RY. CO. v. CARROLL

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5187. Decided June 30, 1924

973. PLEADINGS—1. In order to recover a joint judgment, there must be some allegation importing a common duty devolving upon co-defendants.

2. Allegations of a general nature may impeach those of a joint character.

SULLIVAN, J.

William Carroll recovered in the Cuyahoga Common Pleas a judgment against the Cleveland Railway Co. and the Service Sand & Gravel Co., in the sum of $6000. The action arose out of a claim of Carroll, that, while a passenger on a car of the defendant company, he received injuries as a result of the joint negligence of both.

Error was prosecuted by the Railway Company and error was charged in the court below, to wit; that the judgment was against the weight of the evidence, that there was no joint liability, and that there was error on part of the court in respect to instructions to the jury, and that the court erred in not sustaining a motion to direct. The Court of Appeals held:

1. In connection with allegations of a general nature contained in the petition, setting

forth joint negligence there were specific averments applying to each of the defendants, but not of a joint character, and these independent allegations were in no way connected with each other, and thus, notwithstanding, the allegations of joint negligence, the independent averments relating to the defendant bear no relation to the other.

2. In other words, the pleader by allegations of an independent nature, impeached the allegations of a joint nature. It is plain from the petition itself that the allegations are not joint because specific declarations in the pleading would govern the course of the case as against allegations of joint negligence, especially when the former defines and characterizes the nature of the allegations of joint liability.

3. The allegations pertaining separately to each company in their favor, would naturally release the other from any liability, and this being so, a joint verdict and judgment would be inconsistent and repugnant.

4. In order to recover a joint judgment an allegation importing a common duty devolving jointly upon the defendants would have to be stated.

5. The judgment against the Railway Co. is contrary to law under the allegations of the petition, and overruling of motion to direct a verdict in the company's favor was prejudicial error. Judgment reversed as far as it relates to the Railway Co., and cause remanded.

Attorneys—Squire, Sanders & Dempsey for Company; Howell, Roberts & Duncan for Carroll; all of Cleveland.